UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

FRANKLIN H. CORAL GARRIDO                    CASE NO.  1:26-CV-02270 SEC P

VERSUS                                       JUDGE ROBERT R. SUMMERHAYS

MARCO RUBIO, ET AL.                          MAG. JUDGE KAYLA D. MCCLUSKY

ORDER

Before the Court is an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction, or in the Alternative, Order to Show Cause," filed by Petitioner, Franklin H. Coral Garrido. [ECF No. 2]. The Court held a hearing on the motion on this date. For the reasons that follow, the motion is DENIED.

Petitioner is a Colombian journalist and political commentator who, facing threats to himself and his family due to his investigative journalism, fled Columbia on December 26, 2015, and thereafter entered the United States on a visitor visa.[1] On May 10, 2016, Petitioner filed a timely application for asylum; the application remains pending at this time.[2] On June 16, 2026, Petitioner was arrested by Homeland Security Investigation agents at his residence in Arizona. According to a June 19, 2026 article in the New York Times, on the same day as Petitioner's arrest, Secretary of State Marco Rubio issued a memorandum stating that Petitioner was deportable because he "used his presence in the United States to conduct political activity in support of the Petro government."[3] The charge against Petitioner is a visa overstay, which is a non-criminal

---

[1] ECF No. 1 at 5–6.
[2] *Id.* at 6.
[3] ECF No. 2 at 1–2 (citing ECF No. 1 at 2); *see also* https://www.nytimes.com/2026/06/19/us/rubio-beto-coral-colombia.html?unlocked_article_code=1.rlA.mORt.dLhyMaNK62BD&smid=nytcore-ios-share (last visited June 30, 2026).

immigration violation. Petitioner has no criminal record in the United States or Colombia.[4] Since his arrest on June 16, 2026, Petitioner has been transferred between detention facilities at least six times and has been held in detention in at least four different states. He alleges that while in custody, he has been physically assaulted by government personnel, confined in unsanitary enclosures, denied food and water for extended periods, and kept in solitary confinement.[5] Petitioner has not had a bond hearing since his detention.[6]

On June 30, 2026, Petitioner filed a habeas petition with this Court, as well as the Emergency Motion for Temporary Restraining Order. Through his habeas petition, Petitioner asserts five claims: (1) violation of the First Amendment (viewpoint based detention), (2) violation of the Fifth Amendment (conditions of confinement violate his substantive due process rights), (3) violation of the Fifth Amendment (excessive transfers and denial of access to counsel violate his procedural due process rights), (4) unlawful detention under 28 U.S.C. § 2241, and (5) violation of the Convention Against Torture (refoulement).[7] He requests, *inter alia*, the following relief: (1) immediate release from custody, or alternatively, an order directing Respondents to bring Petitioner before an Immigration Judge for a bond hearing within 72 hours, with Respondents bearing the burden of justifying continued detention;[8] (2) an injunction prohibiting Respondents from transferring Petitioner to any other facility pending resolution of the habeas petition; (3) an order directing Respondents to house Petitioner in a facility that provides constitutionally adequate conditions, affords meaningful access to his counsel, and permits him to receive communication

---

[4] ECF No. 1 at 2.
[5] ECF No. 2 at 2; ECF No. 1 at 8. At the hearing, counsel for Petitioner stated he has been held in solitary confinement for eight days.
[6] ECF No. 2 at 2.
[7] ECF No. 1 at 10–14.
[8] Petitioner has a bond hearing set on July 13, 2026. *See* https://acis.eoir.justice.gov/en/caseInformation (last visited July 2, 2026).

from family members;[9] and (4) an order enjoining Respondents from removing Petitioner from the United States pending the final adjudication of his application for asylum and his claim for protection under the Convention Against Torture.[10]

Through his motion for temporary restraining order, Petitioner asserts "the government's own written memorandum establishes that Petitioner's detention is predicated on his political speech, his conditions of confinement violate his substantive due process rights, and the number of transfers between facilities has denied him access to counsel in violation of the Fifth Amendment while active legal proceedings are pending.[11] He asserts his constitutional injuries constitute irreparable harm as a matter of law, and that any premature removal to Columbia would subject him to persecution.[12] He requests a temporary restraining order: (1) prohibiting Respondents from transferring Petitioner to any other detention facility, (2) prohibiting Respondents from removing Petitioner from the United States while his habeas petition remains pending, and (3) directing Respondents to ensure he is held in constitutionally adequate conditions.[13]

The purpose of a temporary restraining order "is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits."[14] To warrant such relief, the movant must demonstrate: "(1) a substantial likelihood his cause will succeed on the merits, (2) a

---

[9] Fifth Circuit jurisprudence appears to foreclose a conditions of confinement claim brought in a habeas petition. *See e.g. Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997); *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (The sole function of habeas is to grant relief from unlawful custody and it cannot be used for any other purpose, such as a challenge to conditions of confinement).

[10] ECF No. 1 at 15–16.

[11] ECF No. 2 at 2–3.

[12] *Id.* at 3.

[13] *Id.* at 4.

[14] *Sambrano v. United Airlines, Inc.*, 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. Of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)); *see also Saechao v. Noem*, 3:26-CV-0624, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026)

substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest."[15] "In considering these four prerequisites, the court must remember that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion."[16] Further, preliminary injunctions should "not conclusively resolve legal disputes," and thus they should not be used as a vehicle for granting ultimate relief.[17]

Here, Petitioner seeks the same relief through his motion for temporary restraining order that he seeks through his habeas petition, which is inappropriate in a motion for injunctive relief.[18] The issues he raises through his motion are more appropriately addressed through the ordinary adjudication of the habeas petition.[19] Accordingly,

IT IS HEREBY ORDERED that the "Emergency Motion for Temporary Restraining Order and Preliminary Injunction, or in the Alternative, Order to Show Cause," [ECF No. 2], is DENIED.

THUS DONE in Chambers on this __2nd__ day of __July__, 2026.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[15] *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430, 435 (5th Cir. 1981)).

[16] *Canal Auth.*, 489 F.2d at 573.

[17] *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025); *see also Saechao* at *1; *Pema Sherpa v. Judith Almodovar, et al.*, No. 3:25-CV-1718, 2026 WL 74401, *2 (W.D. La. Jan. 9, 2026); *Singh v. Acting Field Officer Director*, No. 3:26-CV-388, 2026 WL 478634, at *1 (W.D. Tex. Feb. 11, 2026); *Torbino Vinces v. Mullin*, No. 3:26-cv-1392, 2026 WL 1196633, *1 (N.D. Tex. May 1, 2026).

[18] *See e.g. Torres Perez v. Warden of Prarieland Det. Ctr.*, No. 3:26-CV-858, 2026 WL 776039, at *1 (N.D. Tex. Mar. 19, 2026).

[19] The Court notes the Magistrate Judge issued a briefing schedule on the habeas petition this date, and briefing should be complete on or about August 13, 2026. *See* ECF No. 9.